Budget Rent-A-Car System, Inc. v. Cleveland, 5-170458. Are you ready? Yes. All right. Let's begin. I plead as a court, my name is David DeRee. The standard of the review is de novo. The issue is whether an indemnity, in this case budget rent-a-car, can make payments to third parties that it was not legally obligated to pay and require its indemnity lawyer, Shanika Cleveland, to reimburse it under the Indemnity Clause. The Indemnity Clause is set out on page 3 of our opening brief. I'll just read a little bit of it, what I think are the important parts. Indemnification and waiver. You agree to indemnify us for and hold us harmless from any loss, liability, and expense that we incur arising out of the use of the car, and then it has two parts, an A and a B, and the A part doesn't apply here, the B part is, which results from any unauthorized use or prohibited operation of the car. There's no dispute that there was unauthorized use of the car by Shanika Cleveland's boyfriend, who didn't have a driver's license but who stole the car when she was not in the apartment and used it. He was unauthorized by Shanika Cleveland, he was unauthorized by budget rent-a-car. That's not in dispute. You say it's not in dispute. No. It's disputed by the jury. Is it fair to say that those facts were disputed by the jury, the jury didn't find that it was an unauthorized use? No, I assume the jury found that it was an unauthorized use that wasn't disputed. Sammy Morning was not authorized by Shanika Cleveland. Well, there was a jury instruction, I think, that said they found it was unauthorized. Or a verdict form, wasn't there? Right. Well, the verdict form. What I'm saying is that's not in dispute. It was unauthorized use of the vehicle by Sammy Morning. He wasn't authorized by Shanika Cleveland, he wasn't authorized by budget rent-a-car. Right. But that doesn't mean that there's an indemnity obligation because that doesn't mean that budget rent-a-car was legally obligated to pay anybody. Mr. DeReef, both of you agree in your briefs that there's no issue as to what the contract says. Yes. And yet you claim you weren't legally obligated to pay. And as I understand budget, they say that doesn't matter. And that the court agreed and the court made the comment, I don't know who was obligated and I don't care who was obligated, I think is what Judge Kennedy said. Right. How can you both say then that there's no dispute as to the meaning of the contract? Oh, no, I'm not saying there's no dispute as to the meaning of the contract. The proper interpretation of the contract, both from the language and the law on indemnity, is that an indemnity cannot make a payment to somebody it's not obligated to pay and require the indemnitor to reimburse it. And I agree with you under the law of indemnity. Yes. My concern when I read this clause is it doesn't say, you agree to indemnify us for and hold us harmless for any loss we are obligated to pay. It doesn't say that, that we are obligated to pay. And most indemnity clauses that I've seen, at least in the case law and the ones I've worked with, usually say that we are obligated to pay. So there's that extra little word in there. And yet they use the word indemnity as if they're invoking an indemnification doctrine. Definitely it's an indemnification doctrine they're invoking. And Judge, the words they used were hold us harmless, indemnify us from any loss, liability and expense that we incur. We incur, but that could mean that we can pay anybody. And I understand where you're going. But to me, they've invoked the indemnity doctrine and yet they haven't, they've used this language we incur as if they can pay anybody. Well, the title of the clause is indemnification. Right. So you're taking the position that we incur is the same as we are obligated to pay. Definitely. And they use the word indemnity there. And otherwise, Your Honor, that would permit somebody like a budget rent car to make payments to somebody that's not obligated to pay, which it did in this case. There's no argument it was obligated to make these payments. And then impose that liability on the indemnitor, the car renter in this case. That would turn the law on its head if they could do that. It's one thing for a budget renter car to say it's our decision, whether it's out of the goodness of our heart or a misunderstanding of our liability to pay these third parties, but it's another thing to say then we have imposed liability on Shanika Cleveland for these payments that we voluntarily made. So if we look at this under the law of indemnity, would your client be the insurer and budget be the insured? In other words, the budget is being insured essentially by your client. Yes, because indemnity shows up in a lot of insurance contracts, and we've cited some cases with insurance contracts. And that's typically where we see it. Right. And all of those cases say that indemnity doesn't begin until liability of the indemnity, the insured, is established. And that has to be by a law, by a judgment of some kind. A judgment or, I mean, it could be a case that's not disputed or. Right. But that's what I'm asking. In the decisions that we read about indemnification, would Shanika be the insurer? She would be in a similar position. In that capacity. Similar position, because she has to then pay, indemnify a budget renter car, which would be the insured under that analogy. But she would only be obligated to indemnify a budget renter car if it had liability. Right. You don't indemnify people against their voluntary payment that they're not obligated to make. Now, if your client had been sued directly for these damages, would there have been defenses available to your client? Yes, absolutely. What would those have been? She did not authorize the use of the car. It was stolen. Sammy Morning testified. He was her ex-boyfriend by that time, but he stole the car, didn't have a driver's license. He said that he concealed the key to her apartment and he knew when she would be gone the next day, which was a Saturday. And then he went into the apartment, took the key to the car and went off on a joyride. So is that a defense in auto laws, an affirmative defense, unauthorized use? Well, as opposed to an affirmative, I guess you could argue it's an affirmative defense. Well, if she's sued for negligence or for negligent entrustment, I guess it would be. Right. A defense to negligent entrustment would be unauthorized use. Definitely. So by budget paying, not as the insurer, but as the owner. Right. They waived her defenses. Absolutely. I mean, they impose liability on her that she could have defended if she had been sued. And you point out a good point that I addressed both in the trial court and in the brief, that a budget rental car actually wears two hats because they're self-insured. So they could have argued we're in a position of the insurer because we're self-insured, but they stipulated they were not suing as the insurer. If they had, there's a statute which we've cited. So this is like theoretically if they had done this, and that statute would provide that they would be required to pay as an insurer, maybe, at least exposed arguably to liability if Sammy Mooring had been driving the car with the express or implied authority from Shanika. And all the evidence was that wasn't the case. But they stipulated they were not suing in that capacity. They're suing simply as the car owner. But that's the reason I asked you about if your client had been sued directly, because the budget, if they had paid as the insurer, would have been allowed the same defenses that your client would have been allowed. Yes. The unauthorized use. They could authorize as insurer. There's no coverage for this because. But they waived that. They paid as the owner. They waived all defenses if you accept their interpretation of the indemnification clause that they can impose liability on Shanika by making payments whether they're liable to make them or not. That's why I say it turns a law on its head, because they can go around and dictate somebody else's obligation to pay, even though there was no obligation to pay here. Nobody had an obligation to pay the third parties who were injured. When I say nobody, I mean Shanika didn't have that obligation, and Budget Rent-A-Car didn't have that obligation here. Well, that's your theory. Well, it's undisputed. The clause doesn't say obligated to pay. It's undisputed at the trial court level and in the briefs before this court that it is the possession of Budget Rent-A-Car. It doesn't have to establish that it had an obligation to pay. It could simply make the payment and require Shanika to reimburse it. In fact, in closing argument, I said that they should— that I was predicting to the jury that they would not get up and argue in rebuttal that they were obligated to pay. And in the rebuttal part of the argument, the argument was we don't have to show that we were obligated to pay because this was unauthorized use of the car. And that's where we started in my argument here. It's undisputed it was unauthorized use of the car. But Budget Rent-A-Car didn't have an obligation to pay anybody as a result of that unauthorized use and therefore could not impose that liability on Shanika by voluntarily making the payment and then requiring her to reimburse under the indemnity clause. The second issue that I raised is simply— it's basically related to the first, which is our affirmative defense that they paid as a volunteer was stricken and our jury instruction on paying as a volunteer was rejected. The exact argument, I'm not sure, but that's related to our first argument. If the Court agrees on the first argument, it's a moot point. This is a—well, the second argument is basically no obligation to pay. They voluntarily paid. Right. So it's kind of a subset of the first. It's kind of the same thing. Yes, I—do you know of any indemnification doctrine that says you don't have to first prove an obligation to pay? Yeah, we cited cases. Page 10 and 11. It says you don't have to prove? I thought your cases say you have to show an obligation to pay. Oh. Well, maybe I didn't understand. Yeah, my question. I thought it was kind of the same thing. This is a double negative. Yeah. It seems that all of the indemnity cases, especially the Northern Illinois Gas Company case, indicates that there's no duty to indemnify for voluntarily incurred expenses. Absolutely. And a quote from page 10 of our brief, quoting from the Alcor Marine case, the duty to indemnify—actually, it's not a quote, but the duty to indemnify does not begin until there is an adjudication of liability against the indemnity, meaning, in this case, budget rent-a-car. So if it wasn't legally obligated to pay at a point which it concedes, it can't be reimbursed under the indemnity clause. It cannot enforce the indemnity clause requiring reimbursement. And was any jury instruction tendered by you indicating that they had to show an obligation to pay? Just a voluntary payment defense that was rejected. Okay. But the argument with the court was you wanted them, the court, to make a decision that they had an obligation to pay, and I saw what the court said, it doesn't matter. Right. We filed a motion for directed verdict, motion for judgment, notwithstanding the verdict, raising this issue. It's strictly a legal issue. It shouldn't be a jury question to begin with. Okay. Any other questions? Not at this time, sir. No. Time to move on? Counselor? Please support counsel. My name is Laura Beasley, and I'm here on behalf of budgets. Our argument, as in our brief, is this is a simple breach of contract case. We believe it's very clear what the indemnity clause states, and part of our burden is not to prove they were obligated to pay. As you pointed out in the Northern Illinois gas case, they even state in there, one does not become legally obligated until a judgment or settlement is reached between parties. We reached a settlement. We own the car. We have a right to cap our liabilities. I think of it as a primary and excess insurer. Excess insurer has a right to cap liabilities in a case to protect themselves.  As the owner? I believe we did not pay voluntarily because we paid to you. Were you obligated? Had they sued you? You meaning budgets, not you, Mrs. Beasley. Yes. They had contacted the company and were starting negotiations, so they settled. So why didn't you come in as the insurer? I actually got the case after it was already filed and arbitrated, so I didn't have any decision on that, and I cannot answer what the other attorney did and why. Because it seems to me that now that you've taken the position as the owner, as opposed to the insurer, that your payments waived all of the defenses for Shamika. She would have had the defense of unauthorized use, right? Had she been sued directly for negligent and trust? She may have, but in this case, unauthorized use was a term in the contract. Sammy was unauthorized because he did not have a valid license. He lived with her as was testified. She left the keys on the counter. He took the keys. Did she really express consent? No, but I think it can be implied consent, and I think the jury will decide what. There was no question that you and Shamika agreed it was unauthorized use. Correct. So leaving the keys on the counter, express, that has nothing to do with this argument because you've already conceded that it was unauthorized use. Correct. So in the law of indemnity, let me ask you what I asked your opposing counsel. It seemed that Shamika is actually your insurer, and you took the position that Budget was the insurer. I disagree. Why? Because you're seeking payment from her under an indemnity clause. Because she breached the contract. Is she's contract the same as indemnity? No, but we're seeking indemnity from her because she breached a contract. Let's say, hypothetically, she was the driver who caused this accident. She would have been covered because of the contract and the insurance that was brought on by the contract. Could you have sought indemnity from her had she been the driver? Well, that would have been an insurance issue. It would have been a different issue. But under this clause, could you have sought indemnity? I don't believe so because how it's written, she would have been an authorized driver and not an unauthorized driver using it in a perceivable, reasonable manner. Then we couldn't. I mean, the indemnity clause very clearly talks about unauthorized use, which results from any unauthorized use or prohibited operation of the car. That's what comes in as indemnity. What about the fact that if she was the driver and didn't cooperate with your investigator, could then you have sought indemnity? I think we could have had an argument to, yes, because she breached the contract by not cooperating with the investigator. So as the owner of the car, you expended payments without giving her the benefit of raising any defenses to the payment issue? To the payments themselves. In other words, had she been sued, she could have raised and potentially protected budget the issue of unauthorized use. Very possible. If she had been sued, I'm sure they would have sued budget as well, and we would have dealt probably with it a little differently. And then we might have been talking about going after her for contribution or some other claim. But in this case, what happened isn't that. They're all hypotheticals. Why do you take the position that it doesn't matter whether you're obligated to pay or not? I'm basing it on the contract, and I also believe. What language in the contract? The indemnity. Tell me the language. You agree to indemnify us, our parent and affiliate companies for the, sorry, my eyes are bad, and hold us harmless for any loss, liability, and expense that we incur out of the use of the car. So it's that we incur. Correct. It's the same language I asked him about. Correct. Usually indemnification says that we are obligated to pay. This language is a little different. It is. And quite frankly, it seems ambiguous to me. Because the law of indemnity, you've got a label at the top of this clause that says indemnification and waiver, and yet the language of the clause is almost strict liability in your view of it. In other words, we don't have to prove an obligation to pay. We paid it, so you owe us because you breached the contract. It's kind of a strict, in an indemnity situation, the law is clear that there has to be some obligation to pay. Correct. Right? But you're not taking that position. Even though you call it indemnification, you're basing it on this language of the contract. We are basing it on this language of the contract, and as the owner of the car, we felt we did have a liability and an obligation, and we did not pay as volunteers. In fact, one of the cases he said. Why did you pay? To cap any of our liability and to protect our interests. And any payment made in that realm is considered involuntarily until he would prove that it wasn't either reasonable or in good faith, which he never argued at all. And where does that, do you have a case that you're citing? Yeah, actually it's one of his cases. It says you have to show it was made in bad faith. In his progressive versus universal that he cites, in there it talks about they're using excess carrier on behalf of primary care carrier if they make a payment, it's presumed involuntary. And then it further discusses, which also discusses in where, which is cited that in order for them to show that it wasn't involuntary, they have to either prove that it was not reasonable or not in good faith. And where even goes further and states that if they do not show those things, then it is actually inappropriate to give the jury instruction on paying voluntarily. And who are the parties in where? One is Whirlpool. No, I mean, are they an insured and an indebted or who are, what is the status of the parties in where? Sorry, it's Whirlpool and I'm trying to remember. So Federation Insurance, so it was where, it was two plaintiffs suing Federation Insurance and Whirlpool. And this was between, the side argument was between Federation Insurance and Whirlpool regarding a payment that was made by Federation in order to cap their liabilities and was it voluntary or involuntary. Whirlpool was arguing it was voluntary. Federation was arguing it was involuntary because it was capping their liabilities and protecting them. And that's when they discussed when that jury instruction would be appropriate and not appropriate and what they would have to show to show it was involuntary. Because the Northern Illinois Gas Company versus Home Insurance Company that they cite seems to say that if you don't have an obligation to pay, then any payment you make is voluntary. And same as outboard marine. So I'm looking, I'm really befuddled by this, that we may incur language. Is this really a contractual setting or is it an indemnification setting or both? I'm having trouble with that. And we believe it's four corners of the contract. This is what it said. This is what you signed in on. Everybody agreed to that. And that is the language, what we agreed to. So basically if we agree with you, budget could have paid $100,000 and collected from her. Unless as you claim that it wasn't fair and reasonable, that burden is on the plaintiff. Or in this case, Shemekka. Shemekka, as raised in an affirmative defense. And, yes, hypothetically correct. So hypothetically you can pay any amount, and it's her burden to raise the affirmative defense it was not fair and reasonable. And I'm going to find that in progressive and where. Where, correct. Okay. But I'm not, that is a hypothetical. But based on how our contract is written, I mean, everything is different per contracts, per agreements between insurance companies, whatever it is. This just happens to be the contract that was agreed to by the parties. If there's no further questions, I'll sit down. Thank you. Thanks. Mr. Jury. Thank you, Your Honor. Just a few brief points. There was no ruling by the trial court that the contract was ambiguous, which might permit parole evidence and have a jury determination about the parties intended. Did you ask for a ruling on ambiguity? Did anybody raise that issue? I'm sorry, Judge. Did anybody raise the issue of ambiguity? No. And I just have to say no one argued that the contract was ambiguous. We certainly didn't argue it was ambiguous because I believe it's clear that the language under an indemnification clause invokes the principles of indemnification, and it requires that a budget rent-a-car would have suffered or incurred a loss as a result of the unauthorized use of the car. In addition to that, any ambiguity would be construed against the drafter. And although we didn't raise this as an issue, it was almost impossible to find a copy of the rental agreement that anybody could read. The print was so small you had to get several copies. We're not disputing that the language in the briefs is the language, but it certainly was fine print and difficult to read, but that's not an issue we're raising. But any ambiguity would certainly be construed against a budget rent-a-car, which is the drafter. Laura was present at the beginning of the trial when there was a stipulation. Ms. Beasley. I'm sorry, Ms. Beasley. Ms. Beasley. I just want the record to be clear. Yes, was present and stipulated that they were suing as the owner of the car because I wanted to know whether we're talking about the statute if they're suing as the insurer, and it was stipulated by Ms. Beasley that they're suing as the owner, which brings me to this issue. She talked about they wanted to cap their liability, and I would say under what theory? Under what theory would budget rent-a-car as the owner of a vehicle be liable to these third parties? There's no negligent entrustment argument. There's no agency argument. And the mere fact you're an owner of a vehicle doesn't make you liable  unless there's some kind of theory of liability. So what liability could they possibly have been capping by making the payments? They simply made the payments as a volunteer, whether they misunderstood their obligation or they did it out of the goodness of their heart. Most companies don't do things out of the goodness of their heart, so I would lean in favor of they didn't understand the fact that they had no liability. Well, if they had paid as an insurer, you wouldn't argue with any amounts they paid because they were insuring the vehicle or not. Well, if they weren't seeking reimbursement, it would be a non-issue. But as long as they're seeking reimbursement, I'm not sure that they would be entitled to reimbursement. Right, if they pay as the insurer, there's no indemnification. So maybe that explains why they weren't wearing that hat. Right. But they waited five years. Right. So I think it's a clear-cut case that it's an indemnity clause. They paid without being obligated to pay. They can't transfer that obligation to Shanika simply because they have that indemnity clause because it does not impose liability on her under those circumstances. So we would ask that the judgment be reversed and that Judgment NLB be entered in favor of the defendant. Thank you. Thank you. The Court will take the matter into consideration on Issue 8. Over to you, Court.